UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONYA DECK,

      Plaintiff,

v.   CASE NO. 3:18-cv-1399-J-34JBT

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

      Defendant.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of the administrative decision denying her Applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. In a decision dated January 16, 2018, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, within the meaning of the Social Security Act, from February 18, 2014, the alleged disability onset date, through the date of decision, except for the period from January 1, 2016 through June 30, 2017. (Tr. 21–37.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Having considered the parties' memoranda and being otherwise fully advised, the undersigned respectfully recommends that the Commissioner's decision be **REVERSED and REMANDED** for further administrative proceedings.

## I. Issues on Appeal

Plaintiff makes the following arguments on appeal:

> I. The [ALJ] failed to apply the correct legal standards to Dr. Marathe's opinion.
>
> II. The ALJ committed reversible error by failing to call a medical expert.

(Doc. 15 at 2.) The undersigned recommends reversal and remand based on Plaintiff's first argument above. The undersigned also recommends that the Court need not address the second argument since the Commissioner's analysis may change on remand.

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th

Cir. 2002).

### III. The ALJ's Decision

At step two of the sequential evaluation process, the ALJ found that Plaintiff had the following severe impairments:

> [H]istory of cervical and lumbar degenerative disc disease with ACDF [anterior cervical discectomy and fusion] of the cervical spine C5-C7 with improvement; history of left knee pain; history of a seizure disorder and history of some anxiety and depression (20 CFR 404.1520(c) and 416.920(c)).

(Tr. 25.)[2] The ALJ then found that from January 1, 2016 through June 30, 2017, Plaintiff met Listing 1.04, regarding disorders of the spine, and was therefore disabled during that period. (Tr. 25–27.) *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04. However, the ALJ found that Plaintiff did not meet a listing, and was not disabled, from February 18, 2014 through December 31, 2015, and beginning July 1, 2017, when Plaintiff's disability ended. (Tr. 27–29.)

For the period when Plaintiff was not disabled, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> [To] perform a range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she could sit for 4 hours total and stand/walk for 4 hours total in an 8-hour workday with a sit/stand option every 30 minutes. She could lift and carry 10 pounds occasionally and less than 10 pounds more frequently. She could use her upper and lower extremities for the operation of arm/hand and foot/pedal controls occasionally. She could climb ramps and stairs occasionally and never climb ladders,

---

[2] The sequential evaluation process is described in the ALJ's decision. (Tr. 22–25.)

3

>ropes and scaffolds. She could balance, stoop, crouch and kneel occasionally and never crawl. She could not reach overhead with the upper extremities, but she could reach in all other directions frequently and handle, finger and feel frequently.

(Tr. 29.)[3]

After reviewing the medical and other evidence of record, the ALJ found that Plaintiff was unable to perform any of her past relevant work. (Tr. 35–36.) However, for the time period when Plaintiff did not meet a listing, based on Plaintiff's age (37 on the alleged disability onset date), education, work experience, and RFC, there were a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 36–37.) Therefore, Plaintiff was not disabled during this period. (Tr. 37.)

## IV. Analysis

Plaintiff first argues that the ALJ erred in addressing the opinions of Dr. Shriram Marathe, a treating physician, and Myragrace Golmayo, an Advanced Registered Nurse Practitioner ("ARNP"). (Doc. 15 at 12–15.) Specifically, Plaintiff argues that the "ALJ failed to articulate any reasons as to why he rejected their opinion that Ms. Deck could only occasionally reach, handle, finger, feel, and push/pull with her right hand." (*Id.* at 14.)

To discount the opinions of a treating doctor, the ALJ is required to provide "good cause." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2014). Good

---

[3] The RFC contained additional physical and mental restrictions which are not at issue.

cause to discount a treating doctor's opinion exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240–41. The Court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

"Nurse practitioners are not acceptable medical sources, so their opinions are not medical opinions and cannot establish the existence of an impairment, although their opinions may be used to show the severity of an impairment and how it affects a claimant's ability to work."[4]  *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (quotations omitted).[5]  In addition:

> Depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an acceptable medical source or from a nonmedical source may outweigh the medical opinion of an acceptable medical source, including the medical opinion of a treating source. For example, it may be appropriate to give more

---

[4] Under revisions effective for claims filed after March 27, 2017, an ARNP is now considered an acceptable medical source.  *See* 20 C.F.R. §§ 404.1502(a)(7), 416.902(a)(7).  Plaintiff's claim was filed in 2015.

[5] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

5

weight to the opinion of a medical source who is not an acceptable medical source if he or she has seen the individual more often than the treating source, has provided better supporting evidence and a better explanation for the opinion, and the opinion is more consistent with the evidence as a whole.

The adjudicator generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

20 C.F.R. §§ 404.1527(f), 416.927(f).

In addressing the subject opinions, the ALJ stated:

In a medical source statement dated August 2015, Myra Golmato [sic], ARNP (Dr. Marathe) opined the following claimant abilities: lift up to 10 pounds occasionally and *never carry*; sit for 4 hours, stand for 4 hours and walk for 5 hours each in an 8-hour workday with a need to alternate sitting and standing; sit for 30 minutes at a time, stand for 30 minutes at a time and walk for 45 minutes as [sic] a time; *occasionally reach, handle, finger, feel and push/pull with the right hand; occasionally reach and push/pull with the left hand*; frequently handle, finger and feel with the left hand; occasionally use the feet for the operation of foot controls; occasionally climb stairs, stairs [sic], ladders and scaffolds; occasionally stoop; frequently balance, and never kneel, crouch, or crawl . . . . The undersigned gives great weight to this opinion evidence pertinent to the period before the established onset date, January 1, 2016, as it is generally supported by the objective clinical findings of the pain management clinic with good response to conservative treatment consisting of facet joint injections of the cervical spine with reported improvement up to 75 percent. This assessment is generally consistent with the assessed residual functional capacity for sedentary work with the additional postural and environmental restrictions and a sit/stand option during the period from the alleged onset

6

> date through December 31, 2015 and since June 30, 2017. *To the extent that any of these functional limitations were inconsistent with the undersigned's RFC for the periods at issue, no weight is afforded to these findings.*

(Tr. 34) (emphasis added). Thus, although the ALJ gave "great weight" to a portion of the opinions, he gave "no weight" to the limitations that were inconsistent with his RFC assessment. (Tr. 34)

The first question is whether the subject opinions should be treated as coming not just from ARNP Golmayo, but also from Dr. Marathe. As Plaintiff notes, the ALJ appeared to attribute the subject opinions to Dr. Marathe. (Doc. 15 at 14.) Moreover, the ALJ made no mention that ARNP Golmayo was not an acceptable medical source. (Tr. 34.)[6] At the very least, the ALJ did not make clear whether he considered the subject opinions to be those of Dr. Marathe. Therefore, the undersigned recommends that the subject opinions be treated as those from a treating physician. Viewed as such, it is apparent that the ALJ did not articulate good cause, supported by substantial evidence, for giving portions of the opinions no weight because no reasons at all were given.

However, even if the opinions are attributed only to ARNP Golmayo, the ALJ still articulated no reason for giving no weight to those opinions with which he disagreed. Given the importance of this opinion evidence, and the requirement

---

[6] On the date of decision, January 16, 2018, ARNPs were being treated as acceptable medical sources for claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1502(a)(7), 416.902(a)(7).

that an ALJ sufficiently articulate his reasoning so as to allow for meaningful review, the undersigned recommends that the ALJ erred in failing to explain why he gave no weight to this evidence.  *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.")

Plaintiff argues that this error is harmful because had the ALJ adopted the opinion that she could only occasionally handle, finger, and feel with her right hand, then three of the four occupations identified by the ALJ would be eliminated. (Doc. 15 at 15.)  The ALJ identified the fourth occupation, surveillance system monitor, as having 6400 jobs in the national economy and 350 jobs in the State economy. (Tr. 37, 76.)  Plaintiff argues that the ALJ, not this Court, must determine whether that is a significant number of jobs in the economy. (Doc. 15 at 15.)  Defendant argues that the Court can make that determination in the affirmative, and therefore any error is harmless.  (Doc. 16 at 9–10.)

The undersigned recommends that it is not the function of this Court to engage in direct fact-finding, and therefore the determination of whether a significant number of jobs exist in this case should be made by the ALJ.  *See McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986) ("[I]t would be an affront to the administrative process if courts were to engage in direct fact finding in these Social Security disability cases."); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) ("The weighing of evidence is a function of the factfinder, not of the district court.").  Moreover, Dr. Marathe/ARNP Golmayo also opined that Plaintiff

8

could never carry even up to 10 pounds. (Tr. 818.) Had this opinion been adopted, it is not clear how it would have impacted the remaining occupation of surveillance system monitor. Therefore, reversal and remand is recommended.

Finally, the undersigned recommends that the Court need not address Plaintiff's second argument since the Commissioner's reasoning may change on remand.

### V.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating in substance:

"1.     The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner, in accordance with this Order, to: (a) reevaluate the opinions of Dr. Marathe/ARNP Golmayo, and articulate sufficient reasons for discounting any portion of such opinions; (b) reconsider Plaintiff's residual functional capacity if appropriate; and (c) conduct any further proceedings deemed appropriate.

2.     The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

3.     Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a

9

petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees. See In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412."

    **DONE AND ENTERED** at Jacksonville, Florida, on June 17, 2019.

*[signature]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record