# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TONYA DECK,

       Plaintiff,

vs.                                Case No. 3:18-cv-1399-J-34JBT

ANDREW SAUL, Commissioner of the
Social Security Administration,

       Defendant.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Magistrate Judge Joel B. Toomey's Report and

Recommendation (Dkt. No. 17; Report), entered on June 17, 2019.   In the Report,

Magistrate Judge Toomey recommends that the Commissioner's decision be reversed and

remanded.  See Report at 2, 9.  No objections to the Report have been filed, and the time

for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  If no specific

objections to findings of facts are filed, the district court is not required to conduct a de novo

review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993);

see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions

de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994);

United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May

14, 2007).

Upon independent review of the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1.      The Report and Recommendation (Dkt. No. 17) of Magistrate Judge Toomey is **ADOPTED** as the opinion of the Court.

2.      The Clerk of the Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to: (a) reevaluate the opinions of Dr. Marathe/ARNP Golmayo, and articulate sufficient reasons for discounting any portion of such opinions; (b) reconsider Plaintiff's residual functional capacity if appropriate; and (c) conduct any further proceedings deemed appropriate.

3.      The Clerk of the Court is further directed to close the file.

4.      Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees. *See* In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the

time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** in Jacksonville, Florida, this 15th day of July, 2019.

MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record