UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONYA DECK,

    Plaintiff,

v.                                                          CASE NO. 3:18-cv-1399-MMH-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the undersigned on Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) ("Motion") (Doc. 23). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**.

**I.**    **Background**

Mr. Culbertson successfully represented Plaintiff in this appeal of an adverse decision by the Social Security Administration ("SSA"). (*See* Docs. 17, 18, & 19.) The case came before this Court, was reversed and remanded, and Plaintiff was ultimately awarded $33,294.00 in past-due benefits. (*See* Doc. 23 at 2; Doc. 23-2 at 2.) Mr. Culbertson requests $4,675.05 for an attorney's fee, representing 25 percent of the past-due benefits awarded to Plaintiff ($8,323.50), minus the EAJA fee previously awarded in this appeal ($3,648.45). (Doc. 23 at 2.)

Section 406(b)(1)(A) of Title 42 of the U.S. Code limits any fee award Plaintiff's attorney may receive to a total of 25 percent of Plaintiff's recovered past-due benefits.  Mr. Culbertson and Plaintiff had a fee agreement providing for attorney's fees equal to 25 percent of Plaintiff's past-due benefits.  (Doc. 23-1.)  In this case, Mr. Culbertson requests a fee award in the amount of $4,675.05, which represents 25 percent of Plaintiff's past-due benefits less the EAJA fee.  Defendant does not oppose the Motion.  (Doc. 23 at 3.)

**II.   Standard**

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  "[T]he 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b) . . . ."  *Culbertson v. Berryhill*, 139 S.Ct. 517, 523 (2019).  "[A]n attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client . . . ."  *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).  However, "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request."  *Id.*

In capping the fee at 25 percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing

successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, [section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement. *Id.* at 808. In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative reached," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or fees that "are large in comparison to the amount of time counsel spent on the case." *Id.* (citing cases that disallow "windfalls for lawyers").

### III. Analysis

The retainer agreement for this federal court appeal provides that Plaintiff agreed to pay her attorney 25 percent of the past-due benefits awarded to her. (*See* Doc. 23-1.) Mr. Culbertson requests an award of $4,675.05, which represents 25 percent of Plaintiff's past-due benefits less the EAJA fee. (Doc. 23 at 2.) The Commissioner does not object to the Motion. (Doc. 23 at 3.) Therefore,

3

the undersigned recommends that the requested award is presumptively reasonable pursuant to *Gisbrecht*.

Moreover, the undersigned recommends that there is no reason for a reduction of the amount of the requested fee. With respect to the character of the representation and the results achieved, Mr. Culbertson provided competent representation and achieved a favorable result. The Court reversed the Commissioner's decision, remanded the case to the Commissioner for further proceedings, and Plaintiff ultimately prevailed on remand. (*See* Docs. 18, 19, & 23 at 2.) Additionally, there is no indication of any undue delay caused by counsel. Finally, the undersigned recommends that the attorney's fee requested, which equates to a blended hourly rate (including a paralegal) of approximately $263.40 ($8,323.50/31.6 hours = approximately $263.40), does not result in a windfall to counsel.[1] *See, e.g.*, *Foster v. Astrue*, Case No. 3:08-cv-960-J-12JRK (Doc. 46) (M.D. Fla. Jan. 4, 2012) (adopting a magistrate judge's report and recommendation and approving a contingency fee, which amounted to $1,025.28 per hour, as reasonable under § 406(b)); *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *6–7 (M.D. Fla. Sept. 30, 2008) (approving a contingency fee that amounted to $1,100 per hour as reasonable under § 406(b)); *Watterson v. Astrue*, Case No. 3:06-cv-369-J-HTS, 2008 WL 783634, at

---

[1] In the Motion, Mr. Culbertson states that he, his associate, and an experienced paralegal spent 31.7 hours representing Plaintiff before this Court. (Doc. 23 at 2.) However, the correct number of hours is 31.6. (*See* Doc. 20 at 2.)

4

*1–2 (M.D. Fla. Mar. 21, 2008) (finding a contingency fee, which amounted to $1,121.86 per hour, to be reasonable under § 406(b)); *Bregan v. Barnhart*, Case No. 6:02-cv-458-Orl-22KRS (Docs. 26 & 36) (M.D. Fla. Sept. 21, 2006) (approving a contingency fee translating to $1,116.11 per hour under § 406(b)).  Thus, the undersigned recommends that a reduction to prevent a windfall is not necessary.

Additionally, in this case, the undersigned recommends that the sixty-day timeframe within which to request an attorney's fee under Section 406(b) be considered to have been equitably tolled due to the Commissioner's delay.  *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (M.D. Fla. Dec. 7, 2021) (Doc. 43).  Regarding the delay, Mr. Culbertson represents that:

> The Commissioner did not send Petitioner a copy of the Notice of Award setting forth the amount of past-due benefits payable to Plaintiff at the time it was issued. After multiple requests by Petitioner, the Commissioner finally sent a copy of the Notice of Award to Petitioner on January 18, 2023.  This Request for Authorization to Charge a Reasonable Fee was filed within sixty days after that date.

(Doc. 23 at 2–3 (citation omitted); *see also* Doc. 23-2 at 1–2.)  Therefore, the undersigned recommends that the Motion be granted and Mr. Culbertson be awarded $4,675.05 in fees pursuant to Section 406(b).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 23**) be **GRANTED**.

2. The Commissioner be directed to pay directly to Richard A. Culbertson, Esq., the sum of $4,675.05 for attorney's fees.

5

3.       The Clerk of Court be directed to enter judgment accordingly.

### Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on January 26, 2023.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record